IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KHOI NGUYEN VO NGUYEN,                )<br>    Petitioner,                )<br>v.                )     No. 3:17-CV-145-B<br>                )<br>ATTORNEY GENERAL LORETTA LYNCH,    )<br>ET AL.,                )<br>    Respondents.                ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a citizen of Vietnam, and became a lawful permanent resident of the United States on May 6, 1997. On May 27, 2015, an Immigration Judge ordered that Petitioner be removed to Vietnam because he was convicted of a controlled substance offense and a drug trafficking offense. On August 28, 2015, Petitioner was issued a final removal order.

At the time Petitioner filed this petition, he was in ICE custody pending removal to Vietnam. Petitioner stated he had been in ICE custody since April 17, 2015, and that his removal was not likely in the reasonably foreseeable future.

**II. Discussion**

Petitioner claims his continued detention violates the Supreme Court's decision in

*Zadvydas v. Davis*, 533 U.S. 678 (2001). The *Zavydas* case designates six months as a presumptively reasonable period of post-order detention, and concludes that "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

In this case, on May 18, 2017, the government filed a report of removal stating that Petitioner was removed from the United States on May 16, 2017. The Court finds Petitioner's removal renders his petition moot.

## III. Recommendation

For the foregoing reasons, the Court recommends that the petition be dismissed as moot.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).